## WASHINGTON   COUNTY.

WILLIAM L. CLARKE, Administrator, *vs.* GEORGE R. RICE.

An action of debt on a judgment of a Court of Magistrates for $40.09 and $3.45 costs was brought in the Court of Common Pleas, the writ being served by attachment of real estate.

*Held*, that the action was rightly brought under Pub. Stat. R. I. cap. 193, § 3.

The cancellation of an administrator's bond by the Court of Probate does not revoke the appointment of the administrator, nor does it disqualify him from bringing suit as administrator.

Evidence was offered by a defendant, on his motion to dismiss, to show that the action was brought without the plaintiff's consent. This evidence was rejected by the presiding justice, who ruled that the plaintiff, knowing of the action, should himself appear and object.

*Held*, error, and that the evidence should have been received.

*Held*, further, that this Court would hold the case and hear the evidence, the motion to dismiss being a question for the court.

Justice Courts are the successors of Courts of Magistrates, and the clerk of a Justice Court is the proper person to certify records and papers of the Court of Magistrates to which his Justice Court succeeded.

EXCEPTIONS to the Court of Common Pleas.

*Providence, July* 18, 1885.   DURFEE, C. J.   This is debt on a judgment for $40.09 debt and $3.45 costs, recovered against the defendant in the Court of Magistrates of the city of Providence by the plaintiff's intestate, April 7, 1864. The case was commenced in the Court of Common Pleas by attachment of real estate, and comes here, after trial in said court, resulting in a judgment for the plaintiff for $91.88 and costs, on exceptions for error in the rulings of the court.

The first question raised by the exceptions is, whether the Court of Common Pleas had original jurisdiction of the action, the amount in suit being less than one hundred dollars. We think it had, original jurisdiction being expressly given to the court of all civil actions at law " which shall be commenced by attachment of real estate." [1]   It does not matter, in our opinion, that the writ

---

[1] Pub. Stat. R. I. cap. 193, § 3, as follows : —

" SECT. 3. The said court shall have original jurisdiction of all civil actions at law, which shall be commenced by attachment of real estate, or which relate to

directed the attachment of " the goods and chattels and real estate " of the defendant, and not his real estate only, so long as his real estate was attached. Indeed, if the officer had literally obeyed the precept and attached the goods and chattels as well as the real estate, the action would still have been rightly brought in the Court of Common Pleas. To the suggestion that the officer might have attached the goods and chattels only, it is enough to say that he did not do it. The jurisdiction is determined by what was done, not by what might have been but was not done.

The second error alleged is that the court below sustained the plaintiff's demurrer to the defendant's plea setting up that the Court of Probate which appointed the plaintiff administrator did, on September 1, 1879, cancel his bond, and relieve him and his sureties from all responsibility thereon, without taking any new bond in its stead. We do not think the ruling was erroneous. The statute which empowers courts of probate to cancel such bonds authorizes, but does not require, them to take new bonds in their stead. The mere cancellation of the bond does not, in our opinion, revoke the appointment of the administrator, or disqualify him from suing as such.

The third exception is for the refusal of the court below to receive evidence offered by the defendant in support of a motion made by him for the dismissal of the action, on the ground that it was being prosecuted by counsel without the consent and against the will of the plaintiff. The reason given for not receiving the evidence was that it was for the plaintiff, the pendency of the action being known to him, to object to the prosecution himself, if it was against his will. We think, however, that the court should have heard the evidence, for it does not follow that the action was not being prosecuted against the plaintiff's will because the plaintiff did not appear to object; and it may be that the court, if it had heard the evidence, would have been con-

real estate, or to some right, easement, or interest therein, the title to which is in dispute, or which shall be of one hundred dollars value or upwards, of what kind or nature soever, except where the proceedings must be commenced by writs exclusively issuable by the Supreme Court, with full power to give judgment in such actions, when legally brought before said court, and to award execution thereon."

vinced that it was being so prosecuted; and *primâ facie* at least counsel ought not to be permitted so to prosecute. *Horton* v. *Champlin*, 12 R. I. 550. We think, however, that it will not be necessary to remit the case for rehearing on this point. The motion to dismiss makes a question for the court, and we can hear it. The counsel who brought the action says the plaintiff assents to it now, and if so, the effect is the same as if he had authorized it originally. *Craig* v. *Twomey*, 14 Gray, 486.

The last exception is because the court below admitted in evidence a copy of the judgment in suit as extended, certified by the clerk of the Justice Court of the city of Providence, under the seal of said court, together with the original writ and pleadings, the judgment being a judgment of the Court of Magistrates of said city. The Court of Magistrates ceased to exist in 1872. The Justice Court, under the statute by which it was established, is the successor of the Court of Magistrates, and as such received from it all its books, records, and papers, and carried its business, remaining unfinished when it ceased to exist, to completion. We think, therefore, that copies of the records and papers of the Court of Magistrates, certified by the clerk of the Justice Court, are entitled to be received in evidence the same as if they were copies of the records of the Justice Court. *Capen* v. *Emery*, 5 Met. 436. We think, too, that the objection to the judgment that it does not show jurisdiction, is not fatal, the jurisdiction appearing by the original writ which was produced.

The first, second, and fourth exceptions are overruled. The third exception is sustained; the case to stand for hearing on the motion to dismiss in this court at the next August term in Washington County. *Order accordingly.*

*Thomas H. Peabody*, for plaintiff.

*Crafts & Tillinghast*, for defendant.